303 Ga. 748
FINAL COPY

S18Y0680. IN THE MATTER OF JERRY RICARDO CALDWELL.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Jerry Ricardo Caldwell (State Bar No. 125403). The State Bar attempted to serve Caldwell personally at the address he listed with the State Bar's Membership Department, but the sheriff filed a return of service non est inventus. The State Bar then properly served Caldwell by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Caldwell failed to file a Notice of Rejection, and the State Bar filed a Motion for Default. Caldwell is in default. Therefore, he has waived his right to an evidentiary hearing, and he is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by Caldwell's default, are as follows. Caldwell agreed to represent a friend from law school and her mother in connection with a car accident. Caldwell filed a lawsuit against the driver of the

other car, who was at fault. On the eve of trial, Caldwell voluntarily dismissed the lawsuit without discussing the matter with his clients or obtaining their authorization. Caldwell then filed a timely renewal action. In the meantime, he settled with GEICO, the liability carrier for the other driver, for the policy limit of $25,000. In the renewal action, Caldwell named State Farm, the mother's underinsured motorist carrier, as a defendant, but he failed to serve State Farm. State Farm filed a motion to dismiss, and the trial court dismissed the renewal action with prejudice. Caldwell did not tell his clients about the voluntary dismissal, the filing of the renewal action, State Farm's motion to dismiss, or the order dismissing the renewal action with prejudice. In the meantime, the clients had tried to contact Caldwell by telephone and e-mail about his progress in handling their claims, but he never responded.

The clients later independently learned about these developments and sent Caldwell a certified letter complaining about them and about his lack of communication. He responded and pledged to file a claim with his professional liability carrier for $25,000, the amount of the underinsured motorist coverage. The clients later learned that Caldwell had no malpractice insurance and confronted him. He then entered into a written settlement agreement with the

2

clients promising to pay them $25,000 plus interest, and he gave them $2,500 in cash and a promissory note for $22,500. He did not first advise them in writing that independent representation in connection with the settlement agreement would be appropriate. Caldwell made no payments on the note, which was unsecured.

The mother filed a grievance with the State Bar. Caldwell responded, admitting that he owed the clients $22,500 and attributing his mishandling of the case to his "inexperience as an attorney and based upon a personal relationship." The Investigative Panel offered Caldwell confidential discipline if he would pay the clients $22,500 plus interest by December 15, 2017. Caldwell agreed in writing to this proposed resolution, but he failed to make the required payment and presented no satisfactory explanation for his failure to do so. Instead, he misled the Investigative Panel and his clients into believing that he would honor his promise to pay, and he did so solely to delay resolution of this disciplinary matter.[1]

---

[1] After the Notice of Discipline was filed, Caldwell sent the friend's mother a money order in the amount of $11,000.

The Investigative Panel found that by this conduct Caldwell violated Georgia Rules of Professional Conduct 1.2, 1.3, 1.4, 1.8 (h), 8.1, and 8.4 (a) (4). See Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.2, 1.3, 8.1, or 8.4 (a) (4) is disbarment, and the maximum sanction for a single violation of Rule 1.4 or 1.8 (h) is a public reprimand.

In aggravation of discipline, the Investigative Panel considered Caldwell's dishonesty with his clients and with the panel and his intentional effort to delay resolution of this disciplinary matter. See ABA Standards for Imposing Lawyer Sanctions, Standard 9.22 (b), (e). In mitigation of discipline, the Investigative Panel noted the absence of a prior disciplinary record. See ABA Standard 9.32 (a).

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Jerry Ricardo Caldwell be removed from the rolls of persons authorized to practice law in the State of Georgia. Caldwell is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided May 21, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.